JDN

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven A. Niemczynski, | No. CV 09-0048-PHX-DGC (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, | |
| Defendant. | |

Plaintiff Steven A. Niemczynski brought this civil rights action under 42 U.S.C. § 1983 against Maricopa County Sheriff Joseph Arpaio (Doc. #12). Before the Court is Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. #18). Plaintiff did not respond to the motion. The Court will deny Defendant's motion.

**I.      Background**

Plaintiff's claim arose during his confinement in the Lower Buckeye Jail in Phoenix, Arizona (Doc. #12 at 1).[1] In his First Amended Complaint, Plaintiff alleged that Defendant violated Plaintiff's First Amendment right to free exercise of religion when he ordered Christian Christmas music to be played continuously for over 10 hours per day (id. at 3).

The Court screened the First Amended Complaint pursuant to 28 U.S.C. § 1915A and ordered Defendant to respond to Plaintiff's claim (Doc. #13). Defendant then filed a Motion

---

[1] Plaintiff has since been transferred to the custody of the Arizona Department of Corrections and is currently housed in the Arizona State Prison Complex-Douglas, Papago Unit in Douglas, Arizona (Doc. #15).

to Dismiss (Doc. #18).

In his motion, Defendant explained that he directed that "multicultural" holiday music be played in all the jails (id. at 2), but he stated that no holiday music was played in inmate cells. Thus, Plaintiff had the choice to remain in his cell and avoid hearing the music (id. at 2, 5). Defendant argued that Plaintiff's claim fails as a matter of law under Lemon v. Kurtzman, 403 U.S. 602, 612-13 (1971) (id. at 3). Specifically, Defendant maintained that Plaintiff did not allege that "there was any connection to a sectarian source or that significant taxpayer funds" were used to play holiday music, nor did Plaintiff allege that there was "governmental coercion of religious activity" that would constitute a violation of the First Amendment (id. at 4).

The Court issued an Order informing Plaintiff of his obligation to respond to Defendant's motion and setting a briefing schedule for the motion (Doc. #19). Plaintiff did not file a response. The time for responding has expired, and the motion is ready for ruling.

**II.    Analysis**

**A.    Motion to Dismiss**

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. North Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In determining whether a complaint states a claim under this standard, the allegations in the complaint must be construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996). Pro se pleadings must be held to a less stringent standard than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Ortez v. Washington County, 88 F.3d 804, 807 (9th Cir. 1996). The rule of liberal construction of pleadings is "particularly important in civil

1 | rights cases." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).

2 | A motion to dismiss under Rule 12(b)(6) is almost never an appropriate response when the court has already screened a prisoner complaint pursuant to 28 U.S.C. § 1915A(b) and directed the defendant to respond. The standard for dismissal under Rule 12(b)(6) ("failure to state a claim upon which relief can be granted") is identical to the standard under 28 U.S.C. § 1915A(b) ("fail[ure] to state a claim upon which relief may be granted"). After the Court has screened a prisoner complaint pursuant to § 1915A(b), a Rule 12(b)(6) motion to dismiss will be granted only if the defendant can convince the Court that reconsideration is appropriate.

Nothing in Defendant's Motion to Dismiss causes the Court to reconsider its prior determination that the First Amended Complaint stated a claim upon which relief can be granted. Accordingly, the Motion to Dismiss will be denied.

### B.  Motion for Summary Judgment

In alternative to a Rule 12(b)(6) dismissal, Defendant requests that the Court grant summary judgment in his favor (Doc. #18). To the extent that Defendant has moved for summary judgment, the motion fails to comply with Local Rule of Civil Procedure 56.1(a), which requires a party filing a motion for summary judgment to file a separate statement of facts. The statement of facts must set forth each material fact supporting the motion and refer to a specific portion of the record where each fact finds support. LRCiv 56.1(a). Defendant did not file any separate statement of facts with his summary judgment motion, nor did he proffer any evidence to support the factual contentions set out in the motion.

Moreover, Defendant misconstrues the Lemon test. Defendant states that Plaintiff must establish that the government conduct at issue (1) has a secular purpose, (2) neither advances nor inhibits religion, and (3) does not foster an excessive government entanglement with religion (Doc. #18 at 3). But these three prongs must be established by the *government-defendant* to support a policy or statute that is subject to a First Amendment challenge. See Lemon, 403 U.S. at 612-13.

Although Plaintiff failed to respond to Defendant's motion, and the Local Rules of

Civil Procedure provide that the Court may deem failure to respond as consent to granting a motion,[2] here, Defendant's failure to establish a basis for dismissal or summary judgment and his failure to comply with the Local Rules requires that the motion be denied.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. #18).

(2) Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. #18) is **denied**.

DATED this 8th day of October, 2009.

*David G. Campbell*
United States District Judge

---

[2] See LRCiv 7.2(i) (the failure to respond to a motion may be deemed a consent to the denial or granting of the motion).