WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven A. Niemczynski, | No. CV 09-0048-PHX-DGC (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, | |
| Defendant. | |

Plaintiff Steven A. Niemczynski brought this civil rights action under 42 U.S.C. § 1983 against Maricopa County Sheriff Joseph Arpaio (Doc. #12). Before the Court is Defendant's second Motion to Dismiss (Doc. #26) and Motion for Ruling (Doc. #28). The Court will grant the Motion to Dismiss and deny the Motion for Ruling as moot.

**I.  Background**

Plaintiff's claim arose during his confinement in the Lower Buckeye Jail in Phoenix, Arizona (Doc. #12 at 1).[1] In his First Amended Complaint, Plaintiff alleged that Defendant violated Plaintiff's First Amendment right to free exercise of religion when he ordered Christian Christmas music to be played continuously for over 10 hours per day from mid-December 2008 to early-January 2009 (id. at 3).

The Court directed Defendant to respond to Plaintiff's claim (Doc. #13), and

---

[1] Plaintiff has since been transferred to the custody of the Arizona Department of Corrections and is currently housed in the Arizona State Prison Complex-Douglas, Papago Unit in Douglas, Arizona (Doc. #15).

Defendant filed an Answer (Doc. #16). Defendant then filed a Motion to Dismiss for failure to state a claim or, in the alternative, Motion for Summary Judgment (Doc. #18). The Court denied Defendant's motion (Doc. #22). Thereafter, Defendant filed a second Motion to Dismiss (Doc. #26).

In his second motion, Defendant contended that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) (id.). In support, Defendant submitted the declaration of Susan Fisher, a Sergeant assigned to the Inmate Hearing Unit (id., Ex. 2, Fisher Decl. ¶ 1). Attached to the declaration are a copy of Maricopa County Sheriff's Office (MCSO) Policy DJ-3—Inmate Grievance Procedure (id., Ex. 2-A); an excerpt from the "MCSO Rules and Regulations for Inmates" (id., Ex. 2-B); and a copy of a blank inmate grievance form (id., Ex. 2-C).

Fisher described the five steps in the inmate grievance process: (1) the initial grievance to the line officer and response; (2) a review of the grievance and response by the shift supervisor; (3) a review of the grievance and decision by the Bureau Hearing Officer; (4) an Institutional appeal to the Jail Commander and response; and (5) an External appeal (id., Ex. B, Fisher Decl. ¶ 4). Fisher attested that inmates are informed of the MCSO grievance procedures during orientation, at which time they receive a copy of the "Rules and Regulations for Inmates" (id). She further attested that the inmate grievance form itself contains standard language explaining the sequential steps in the grievance process (id. ¶ 5, Ex. 2-C).

According to Fisher, Plaintiff's complaint about holiday music is a condition-of-confinement issue, and inmates may grieve issues pertaining to conditions of confinement (id. ¶¶ 8-9). Fisher averred that she searched the MCSO grievance records and found that Plaintiff did not file any grievances concerning holiday music played at the jail (id. ¶¶ 7, 10).

On the basis of this evidence, Defendant contended that Plaintiff failed to file a grievance related to his claim about holiday music (Doc. #26 at 5). Defendant also noted that Plaintiff's First Amended Complaint conceded that he did not exhaust his administrative remedies (id.). Defendant argued that no exception to the exhaustion requirement applies (id.

at 5-6). Defendant further argued that Plaintiff's failure to grieve his complaint denied Defendant the ability to resolve the issue internally and deprived the Court the benefit of a record (id. at 6).

On January 14, 2010, the Court issued an Order informing Plaintiff of his obligation to respond to the motion and the evidence necessary to rebut Defendant's contentions (Doc. #27).[2] Plaintiff has not filed a response, and the time for responding has expired. Meanwhile, on March 17, 2010, Defendant filed a Motion for Ruling and moved the Court to summarily grant his Motion to Dismiss for Plaintiff's failure to respond as required under the Rules of Procedure (Doc. #28). Plaintiff did not respond to this motion.

## II. Exhaustion

### A. Legal Standard

Under the PLRA, a prisoner must exhaust available administrative remedies before bringing a federal action concerning prison conditions. See 42 U.S.C. § 1997e(a); Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001). And a prisoner must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 548 U.S. 81, 92 (2006).

Exhaustion is an affirmative defense. Jones v. Bock, 549 U.S. 199, 212 (2007). Thus, the defendant bears the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

---

[2]Notice required under Wyatt v. Terhune, 315 F.3d 1108, 1120 n. 14 (9th Cir. 2003).

**B.     Analysis**

As stated, Defendant bears the burden of proving lack of exhaustion and therefore must demonstrate that there were remedies available to Plaintiff. See Wyatt, 315 F.3d at 1119; see also Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005). Defendant submits evidence that a grievance system was available at the jail for Plaintiff's claim (Doc. #26, Ex. 2, Fisher Decl. ¶¶ 3-4, Ex. 2-A).

In his First Amended Complaint, Plaintiff indicated that administrative remedies were available at the jail, that he submitted a grievance on his claim, but that he did not appeal his grievance to the highest level (Doc. #12 at 3). Plaintiff wrote that he did not appeal to the highest level because "the music is scheduled to end on 1/3/09" (id.). This explanation does not excuse the failure to exhaust. There is no indication that Plaintiff was told he could not file an appeal or that avenues to appeal were unavailable. See Brown, 422 F.3d at 937; Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (remedy that officials prevent an inmate from using is not an "available" remedy).

In failing to respond to Defendant's motion, Plaintiff has not overcome Defendant's evidence of an available remedy. Thus, the Court finds that Defendant has met his burden to demonstrate failure to exhaust, and the Motion to Dismiss will be granted.

**III.     Failure to Respond**

Alternately, the Court has the discretion under Local Rule of Civil Procedure 7.2(i) to deem Plaintiff's lack of response as a consent to the granting of Defendant's Motion to Dismiss. Plaintiff was warned of this possibility (Doc. #27 at 2). The Ninth Circuit has upheld a dismissal based on a failure to comply with a similar local rule in the District of Nevada. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995). Before dismissal on this basis, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).

1    The first factor "always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). The second factor usually favors dismissal, and this case is no exception. See Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990). There is no risk of prejudice to Defendant to resolve the motion in his favor, and judicial efficiency also favors resolution of this action. Public policy favors disposition of cases on their merits, so the fourth factor weighs against dismissal. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). For the fifth factor, dismissal without prejudice is the least drastic sanction.

The five-factor analysis weighs in favor of dismissal. The Court will therefore deem Plaintiff's failure to respond as a consent to the granting of the motion.

In light of the Court's ruling on the Motion to Dismiss, Defendant's Motion for Ruling is moot and will be denied.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendant's Motion to Dismiss (Doc. #26) and Motion for Ruling (Doc. #28).

(2) Defendant's Motion to Dismiss (Doc. #26) is **granted**; Plaintiff's action is dismissed without prejudice for failure to exhaust or, alternately, for failure to respond.

(3) Defendant's Motion for Ruling (Doc. #28) is **denied** as moot.

(4) The Clerk of Court must enter judgment of dismissal accordingly.

DATED this 24th day of May, 2010.

_David G. Campbell_
David G. Campbell
United States District Judge